

PER CURIAM:

The ground of appeal from this conviction and sentence for violation of Federal Liquor laws is that the trial court abused its discretion in denying the jury's request to cause portions of the testimony reread to it after retirement.

 Ordinarily, the question of whether testimony should be reread at the jury's request is a matter within the discretion of the trial judge. Easley v. United States, 5 Cir., 261 F.2d 276; Sears v. United States, 5 Cir., 343 F.2d 139. This rule is peculiarly applicable where, as here, the trial court summarized the testimony and appellant concedes that the trial court's summary was accurate as to the particular bit of evidence that was the subject of inquiry.

The judgment is affirmed.

The Court expresses its appreciation to appointed counsel in this case.

Enoch G. Fletcher, Grand Saline, Tex., for appellant.

Richard B. Hardee, Asst. U. S. Atty., Wm. Wayne Justice, U. S. Atty., Tyler, Tex., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment affirming a final decision of the Secretary of Health, Education and Welfare that Appellant is not entitled to the establishment of a period of disability (disability freeze) under Section 216(i) of the Social Security Act, as amended, 42 U.S.C. § 416(i), nor to monthly disability insurance benefits under Section 223 of the Social Security Act, as amended, 42 U.S. C. § 423.

After reading and studying the testimony and other evidence upon which the decision of the hearing examiner and of the Secretary was based, we are of the opinion that the Appellant has not met the burden of proving inability to engage in any substantially gainful activity as that term is used in the Social Security Act. The judgment of the district court is therefore

Affirmed.

Tyler B. HANNA, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 22162.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1965.